UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRVIN GORDON,

       Plaintiff,

v.                                            Case No:   8:14-cv-3106-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

## OPINION AND ORDER

Plaintiff, Irvin Gordon, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, Factual Background, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.  Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that he is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If he meets this burden, he will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform his past relevant work, then he will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for SSI on September 4, 2013, alleging disability beginning March 1, 2007.  (Tr. 169-75).  Plaintiff's application was denied initially on October 29, 2013, and on reconsideration on January 13, 2014.  (Tr. 106, 117).  A hearing was held before Administrative Law Judge R. Dirk Selland (the "ALJ") on August 4, 2014.  (Tr. 39-77).  On August 29, 2014, the ALJ issued his decision finding that Plaintiff was not under a disability from since September 4, 2013, the date the application was filed.  (Tr. 21-34).  Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on November 5, 2014.  (Tr. 1).  Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on December 12, 2014.  The parties having filed memorandum in support of their positions, this case is ripe for review.

### D.  Factual Background

Plaintiff was born on June 20, 1960, and was 53 years old on the date his application was filed.  (Tr. 32).  Plaintiff has an eleventh grade education and no past relevant work history.  (Tr. 32, 202).  Plaintiff alleges he cannot work due to bipolar disorder, schizophrenia, and herniated discs.  (Tr. 201).  Plaintiff was previously approved for SSI benefits, but the benefits were terminated when he was incarcerated in 2007.  (Tr. 27).  Plaintiff has been incarcerated off and on for 30+ years.  (Tr. 37).  Most recently, Plaintiff was charged with Battery on a Law Enforcement

Officer, his third felony, which allegedly occurred on December 27, 2008.  (Tr. 27).  Plaintiff was

sentenced to five years and was released from September 3, 2013.  (Tr. 28).

### E.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since September 4, 2013, the application date.  (Tr. 23).  At step two,

the ALJ found that Plaintiff has the following severe impairments:  degenerative disk disease of

the lumbar spine, osteoarthritis, bipolar disorder and paranoid schizophrenia.  (Tr. 23).  At step

three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that

meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ determined that Plaintiff has the residual functional

capacity ("RFC") to:

> perform medium exertional work as defined in 20 CFR 416.967(c), except
> work that does not require more than frequent crouching and stooping, and
> is further limited to work that is simple as defined in the Dictionary of
> Occupational Titles (DOT) with specific vocational preparation (SVP)
> levels 1 and 2, routine and repetitive tasks in a work environment free of
> fast paced production requirements, which is defined as constant activity
> with work tasks performed sequentially in rapid sucession; involving only
> simple-work related decisions; with few, if any, work place changes; and
> no more than occasional interaction with the general public, supervisors
> and co-workers.

(Tr. 25).  At step four, the ALJ found that Plaintiff has no past relevant work.  (Tr. 32).  At step

five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there

are jobs that exist in the national economy that Plaintiff can perform.  (Tr. 32).  Relying on the

testimony of a vocational expert, the ALJ found that Plaintiff could work as a hand packer,

warehouse worker, or a laundry worker II.  (Doc. 3).  The ALJ concluded that Plaintiff has not

been under a disability since September 4, 2013, the date the application was filed.  (Tr. 33).

II.    **Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to properly consider Plaintiff's inability to acquire medication; and (2) whether the ALJ erred by failing to properly evaluate Plaintiff's credibility.  Although the issues are treated separately by Plaintiff in his Memorandum of Law (Doc. 16), Plaintiff's arguments intersect.  Accordingly, the Court will address the issues in combination.

Plaintiff argues that although the ALJ noted in his opinion that Plaintiff was not able to afford his medications, the ALJ failed to properly consider this fact in determining that Plaintiff was not disabled.  (Doc. 16 p. 13-14).  Plaintiff contends that he sought to take his prescription medication, specifically Risperdal, but was unable to do so because he could not afford it.  (Doc. 16 p. 14).  In addition, Plaintiff argues that the ALJ's credibility finding was erroneous because the ALJ improperly considered Plaintiff's noncompliance with his prescription medicine, his criminal history, and his lack of work history.  (Doc. 16 p. 17).

Defendant argues that the ALJ did not err in considering Plaintiff's noncompliance with his prescription medication because the regulations permit an ALJ to consider the effectiveness of any mediation taken to alleviate a claimant's pain or other symptoms.  (Doc. 19 p. 8).  Defendant argues that the ALJ may consider noncompliance with treatment even if it is due to an inability to afford treatment when it is not a significant part of the ALJ's reasoning.  (Doc. 19 p. 8).  Defendant contends that the ALJ's credibility finding was supported by substantial evidence.  (Doc. 19 p. 4-12).

While a remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no way to obtain it, a claimant's noncompliance is excused and the condition can be found disabling.  *Dawkins v. Bowen*, 848 F.2d

- 6 -

1211, 1213 (11th Cir. 1988). "[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

The record reflects that Plaintiff testified at the hearing that he was unable to afford his prescription medicines due to lack of income. (Tr. 55, 62-63). Plaintiff further testified that while his family helps him by occasionally giving him food stamps and gas money, they do not give him money to buy his prescription medications. (Tr. 56). Plaintiff's mother testified at the hearing that she is on a fixed income and is unable to get Plaintiff his medications. (Tr. 69). In his opinion, the ALJ acknowledged Plaintiff's testimony, noting that "the claimant stated he was taking Risperdal and Fluoxetine, and they helped control his symptoms while he was incarcerated. He added that he was not eligible for the County Medicaid card since his release and he could not afford his medications." (Tr. 26). The ALJ also acknowledged Plaintiff's mother's testimony that "she could not afford to help" Plaintiff get his medication. (Tr. 27). In addition, the ALJ noted that progress notes from Plaintiff's visits to Gracepoint Clinic in January 2014 revealed that Plaintiff was not able to afford his medication. (Tr. 30).

Despite acknowledging such evidence, the ALJ never made a finding whether Plaintiff's noncompliance was due to his inability to afford his prescription medication. Instead, the ALJ found that Plaintiff's allegations were not fully credible and his testimony unpersuasive, in part, because of his noncompliance with his medication. (Tr. 30). The Court finds that the ALJ's failure to do so constitutes reversible error. While a remediable or controllable medical condition is generally not disabling, when a claimant cannot afford the prescribed treatment and can find no

way to obtain it, a claimant's noncompliance is excused and the condition can be found disabling. *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

In this case, the evidence suggests that Plaintiff's mental limitations are greater than those found by the ALJ in his RFC finding when Plaintiff is not taking medication for paranoid schizophrenia.  Upon release from prison in September 2013, Plaintiff visited Gracepoint Mental Health Clinic for treatment for his bipolar disorder and schizophrenia.  Documents from his visit to Gracepoint reveal the following:  "issues with people, mood swings, easily irritated, problems sleeping, racing thoughts . . ." (Tr. 388); an increase in paranoia since being released from prison (Tr. 390); visual hallucinations, mood swings, social phobia, and a lot of paranoia (Tr. 393); difficulty trusting others, hearing voices under stress (Tr. 395); unable to find joy or pleasure in anything, paranoid ideations, exhibiting signs of depression and anxiety/PTSD and psychosis, as evidenced by depressed mood, irritability, irritability/outburst of anger, paranoia; loud speech, paranoid thought content, rumination (Tr. 398); insomnia, difficulty falling/staying asleep, unspecified anxiety, worrying excessively (Tr. 400); poor frustration tolerance and irritability, tense and continues to voice paranoid ideations, anxious mood and irritable and angry and dysphoric, affect angry, speech loud, thought content paranoid (Tr. 485); dwells on theme that his girlfriend cheated on him with family member with poor insight (Tr. 489); and feelings others are against him and do not want him to succeed.  (Tr. 491).

Given the evidence that Plaintiff was unable to afford medication that treats his major mental health issues, the ALJ should have determined whether Plaintiff was disabled without reference to his noncompliance with prescribed medical treatment. *See Dawkins*, 848 F.2d at 1214. If the ALJ determined that Plaintiff was disabled, the ALJ should then have determined whether

Plaintiff is in fact unable to afford the medicine prescribed by his physicians. *Id.* If Plaintiff is unable to afford his medicine, then the ALJ should have found Plaintiff disabled. *Id.*

Defendant argues that remand is improper because Plaintiff's noncompliance was not the sole basis for the ALJ's decision. (Doc. 19 p. 9). Citing to *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003), Defendant notes that "when an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Thus, a finding of whether the claimant was able to afford prescription medication is only necessary when the ALJ's finding is "primarily if not exclusively" based on Plaintiff's noncompliance. *Id.* (citing *Dawson*, 848 F.2d 1212. Defendant contends that in addition to Plaintiff's noncompliance with medication, the ALJ properly considered Plaintiff's prior incarcerations and sporadic work history in determining that Plaintiff's subjective complaints were not entirely credible and in finding the Plaintiff not disabled.

While Plaintiff correctly cites the law, the Court finds that under the circumstances of this case, the "other bases" the ALJ claims supports his credibility finding are insufficient as they relate to Plaintiff's alleged inability to secure mediation.

The Court begins with the ALJ's treatment of Plaintiff's prior incarcerations. The record reflects that Plaintiff testified he has spent approximately 30 years in prison, most recently in connection with charges relating to battery on a law enforcement officer or obstructing or opposing an officer with and without violence. (Tr. 316). The ALJ commented that Plaintiff's "prior incarcerations go to the issue of credibility" without further explanation. (Tr. 30). Such violent crimes, however, are consistent with Plaintiff's allegations of moodiness, easy irritation, outbursts

of anger, problems with people, lack of trust, etc., which occur when he is not on medication. Thus, contrary to the ALJ's finding, it appears that Plaintiff's prior convictions actually support the Plaintiff's complaints.

Likewise, the ALJ's finding that Plaintiff's sporadic work history and lack of work performed at the level of substantial gainful activity "raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments further lessen the credibility of his allegations," is insufficient to find Plaintiff's complaints not credible. As noted above, the record indicates that Plaintiff previously was found disabled and received SSI benefits, indicating that his impairments prevented him from performing substantial gainful activity for at least some period of time. This fact, combined with Plaintiff's on again, off again incarceration undermines the ALJ's finding that Plaintiff's work history belies his complaints.

Finally, the ALJ found Plaintiff not entirely credible because "the medical evidence of record is void of objective evidence to support a more restrictive residual functional capacity." (Tr. 31). Evidence in the record suggests, however, that if Plaintiff is not compliant with medication that he would be disabled. For example, disability determination physician Sally Rowley, Psy.D. noted that Plaintiff take medication for major mental illness that can affect his attention and concentration for extended periods of time. (Tr. 86). Dr. Rowley found that if Plaintiff is not complaint with medication it could lead to decompensation and interruption in the workday or work week. (Tr. 86). While Dr. Rowley found at the time that Plaintiff was compliant with medication at the time she gave her opinion, the record reveals that Plaintiff's compliance with his medicine shortly ended. Thus, the question of whether Plaintiff's noncompliance with his medication was due to his inability to afford it.

Plaintiff is a violent convicted felon who suffers from paranoid schizophrenia.  While his impairments may be controlled while he is on medication, evidence in the record suggest that he is unable to afford his medicine.  In reaching a decision regarding Plaintiff's claim for SSI the ALJ should have determined whether Plaintiff can afford his medicine.  The ALJ's failure to do so warrants remand.

**III.    Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED** to the ALJ for proceedings consistent with this Opinion and Order.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 11 -